RODGER M. LANDAU (State Bar No. 151456)
rlandau@landaufirm.com
LANDAU LAW LLP
1880 Century Park East, Suite 1101
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for Howard B. Grobstein,
Liquidating Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:17-bk-12213-CB |
| SOLID LANDINGS BEHAVIORAL HEALTH, INC., *et al.*, | Jointly Administered With:<br>Case No. 8:17-bk-12218-CB<br>Case No. 8:17-bk-12221-CB<br>Case No. 8:17-bk-12222-CB |
| Debtors and Debtors-In-Possession. | Case No. 8:17-bk-12223-CB |
| | Chapter 11 |
| HOWARD B. GROBSTEIN, LIQUIDATING TRUSTEE, | Adv. No. 8:20-ap-\_\_\_\_\_-CB |
| Plaintiff, | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFERS** |
| v. | |
| ALPINE PACIFIC CAPITAL, LLC, and GERIK M. DEGNER, | |
| Defendants. | |

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Plaintiff Howard B. Grobstein, Liquidating Trustee (the "Trustee") for the Liquidating Trust of Solid Landings Behavioral Health, Inc., et al., alleges and complains, by way of this Complaint, subject to amendment, as follows:

## JURISDICTION AND VENUE

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Santa Ana Division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, because the claims asserted herein arise under title 11 of the United States Code (the "Bankruptcy Code") or arise in or relate to the Chapter 11 cases entitled *In re Solid Landings Behavioral Health, Inc.*; *In re Sure Haven, Inc.*; *In re Silver Rock Recovery*; *In re EMS Toxicology*; *In re Cedar Creek Recovery, Inc.* (the "Debtors"), jointly administered under Case No. 8:17-bk-12213-CB. The claims for relief in this Complaint constitute a core proceeding under 28 U.S.C. § l57(b)(2)(A), (F), (H), and (O). Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Bankruptcy Court. The defendants are hereby notified that Fed. R. Bankr. P. 7008(a) requires the defendants to plead whether the claims for relief alleged against such defendant are core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

2. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Debtors' bankruptcy cases are pending in this district and this division. The Bankruptcy Court has personal jurisdiction over the defendants.

## PARTIES

3. On June 1, 2017 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

4. On March 22, 2018, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Joint Plan of Liquidation of Solid Landings Behavioral Health, Inc., and Its Affiliated Debtors, and the Joint Committee of Creditors Holding Unsecured Claims in Solid Landings Behavioral Health, Inc., EMS Toxicology, and Sure Haven, Inc., Dated November 1, 2017* (the "Plan") [Docket No. 401].

1

5. Pursuant to the Plan and Confirmation Order, (a) the Liquidating Trust was created, (b) Mr. Grobstein was appointed as the Trustee of the Liquidating Trust, (c) all of the property of the Debtors' bankruptcy estate, including avoidance actions and other litigation claims, was transferred to, and vested in, the Liquidating Trust, and (d) the Liquidating Trust was vested with authority to, among other things, pursue the litigation claims of the Debtors' bankruptcy estate transferred into the Liquidating Trust and to object to claims. Therefore, the Trustee has standing and authority to assert the litigation claims set forth herein.

6. Pursuant to the Plan, the "Effective Date" of the Plan was April 9, 2018. On that date, the Trustee was appointed to administer the Liquidating Trust.

7. The Trustee is informed and believes, and based thereon alleges, that defendant Alpine Pacific Capital, LLC ("Alpine") is, and at all relevant times was, a Delaware limited liability company qualified to do business in the state of California, with a principal place of business in Orange County, California.

8. The Trustee is informed and believes, and based thereon alleges, that defendant Gerik M. Degner ("Degner"), is, and at all relevant times was, an individual residing or doing business in Orange County, California.

**GENERAL ALLEGATIONS**

9. The Trustee is informed and believes, and based thereon alleges, that at all relevant times Degner was in sole or primary control of Alpine.

10. The Trustee is informed and believes, and based thereon alleges, that in or around May 2015, Degner negotiated and executed on behalf of Alpine an agreement with one or more of the Debtors (the "First Agreement"), under which Alpine was retained as a consultant to provide marketing, negotiating, and other services in connection with a possible merger, acquisition, recapitalization, or similar transaction involving one or more of the Debtors.

11. The Trustee is informed and believes, and based thereon alleges, that Alpine was wholly unsuccessful in its efforts under the First Agreement, yet was paid approximately $140,000 under the First Agreement.

12. The Trustee is informed and believes, and based thereon alleges, that in or around

2

1  April 2016, Degner was appointed President of the Debtors.  From at least that point forward,
2  Degner was an "insider" of the Debtors within the meaning of 11 U.S.C. § 101(31) at least by virtue
3  of being an officer of the Debtors.

4      13.    The Trustee is informed and believes, and based thereon alleges, that in or around
5  April 2016, Degner negotiated and executed on behalf of Alpine an agreement with the Debtors (the
6  "Second Agreement").  Alpine's duties under the Second Agreement were far more expansive than
7  its duties under the First Agreement, and included among other things oversight and assistance
8  relating to the Debtor's financial condition, operations, and competitive environment.  From at least
9  the effective date of the Second Agreement (April 15, 2016), Alpine was an "insider" of the
10 Debtors within the meaning of 11 U.S.C. § 101(31) at least by virtue of its role in managing the
11 affairs of the Debtors and its close affiliation with Degner.

12     14.    The Trustee is informed and believes, and based thereon alleges, that at all times
13 from April 2016 through the Petition Date the sum of the Debtors' debts were greater than the value
14 of the Debtors' assets at a fair valuation, and therefore the Debtors were "insolvent" within the
15 meaning of 11 U.S.C. § 101(32).  Among other things, at all times from and after November 2015,
16 CapStar Bank held a secured claim against the Debtors in the amount of at least $7.5 million
17 (increasing to approximately $10.3 million by the Petition Date), which is significantly greater than
18 the total amount paid for the Debtors' assets in the § 363 sale that occurred in or around August
19 2017.

20     15.    The Trustee is informed and believes, and based thereon alleges, that Degner and
21 Alpine were entirely unsuccessful in their assigned task of reviving the Debtors' financial fortunes,
22 and, in fact, during the term of the Second Agreement Degner and Alpine presided over
23 deteriorating operations, mounting debt, and increasingly wasteful expenditures, finally culminating
24 in the filing of the Debtors' bankruptcy cases approximately 17 months later.  During that time,
25 Alpine was paid more than $450,000 and Degner personally received more than $125,000.
26 / / /
27 / / /
28 / / /

**FIRST CLAIM FOR RELIEF**

**(Avoidance of Second Agreement and Alpine Payments as Constructive Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B))**

16. The Trustee re-alleges each and every allegation of this Complaint set forth above as if set forth fully herein.

17. The Trustee is informed and believes, and based thereon alleges, that the Second Agreement became effective on April 15, 2016 (the "Effective Date"), and obligated the Debtors to pay substantial sums of money to Alpine. Accordingly, the Second Agreement constitutes an obligation incurred by the Debtors within two years prior to the Petition Date.

18. The Trustee is informed and believes, and based thereon alleges, that on the Effective Date the Debtors were already insolvent and/or engaged in business for which any property remaining with the Debtors was an unreasonably small capital and/or intended to incur or believed they would incur debts that would be beyond their ability to pay as such debts matured.

19. The Trustee is informed and believes, and based thereon alleges, that the Debtors received no value in exchange for entering the Second Agreement, because they incurred substantial financial liability in exchange for the provision of "services" that had already proven wholly ineffective under the First Agreement, and were not only ineffective but in fact deleterious to the Debtors' financial condition under the Second Agreement.

20. Between the Effective Date and the Petition Date, the Debtors made payments to Alpine totaling $463,655.91, as listed on **Exhibit "1"** hereto (the "Alpine Payments").

21. The Trustee is informed and believes, and based thereon alleges, that the Debtors received no value in exchange for the Alpine Payments, because (a) the payments were made to satisfy the Debtors' obligations under the Second Agreement, and since, for the reasons set forth above, the Second Agreement constitutes an avoidable fraudulent transfer, those were not legitimate obligations of the Debtors, and (b) in any event, Alpine's "services" worsened, rather than improved, the Debtors' financial condition.

22. By reason of the foregoing, the Trustee may avoid the Second Agreement and the Alpine Payments under 11 U.S.C. § 548(a)(1)(B).

## SECOND CLAIM FOR RELIEF

**(Avoidance of Alpine Payments as Preferences Pursuant to 11 U.S.C. § 547(b))**

23. The Trustee incorporates by reference and re-alleges the allegations set forth in paragraphs 1-15. This Second Claim for Relief constitutes an alternative to the First Claim for Relief above.

24. The Trustee is informed and believes that the Debtors made the Alpine Payments during the year preceding the Petition Date, specifically, on the dates listed on **Exhibit "1"**.

25. The Trustee is informed and believes that each of the Alpine Payments constituted a transfer of the Debtors' funds to Alpine.

26. The Trustee is informed and believes that, in the event the Court does not find the Second Agreement to be an avoidable fraudulent transfer, Alpine was a creditor of the Debtors at the time each of the Alpine Payments was made, by virtue of the liability owed to Alpine by the Debtors under the Second Agreement, and that the Alpine Payments were made on account of the Debtors' antecedent debt to Alpine under that agreement.

27. Based on the administrative, priority, and unsecured claims on file in the Debtors' consolidated bankruptcy cases, and the dollar value of the assets of the estates that have been administered to date and that remain to be administered, the Trustee does not anticipate or reasonably expect to be able to make a 100% distribution to creditors having filed pre-petition general unsecured claims in these consolidated cases. Accordingly, as a result of the Alpine Payments, Alpine received from the Debtors more than it would have received if such transfers had not been made and this case was a case under Chapter 7 of the Bankruptcy Code.

28. By reason of the foregoing, the Trustee may avoid each of the Alpine Payments under 11 U.S.C. § 547(b).

## THIRD CLAIM FOR RELIEF

**(Avoidance of Degner Payments as Constructive Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B))**

29. The Trustee incorporates by reference and re-alleges the allegations set forth in

5

paragraphs 1-15.

30. The Trustee is informed and believes, and based thereon alleges, that, in the year preceding the Petition Date, the Debtors made payments to Degner totaling $131,923.19, as listed on **Exhibit "2"** hereto (the "Degner Payments").

31. The Trustee is informed and believes, and based thereon alleges, that at all times during the year preceding the Petition Date, the Debtors were insolvent and/or engaged in business for which any property remaining with the Debtors was an unreasonably small capital and/or intended to incur or believed they would incur debts that would be beyond their ability to pay as such debts matured.

32. The Trustee is informed and believes, and based thereon alleges, that the Debtors received no value in exchange for making the Degner Payments, because they were made in exchange for the provision of "services" that were not only ineffective but in fact deleterious to the Debtors' financial condition.

33. By reason of the foregoing, the Trustee may avoid the Degner Payments under 11 U.S.C. § 548(a)(1)(B).

## FOURTH CLAIM FOR RELIEF

**(Avoidance of Degner Payments as Preferences Pursuant to 11 U.S.C. § 547(b))**

34. The Trustee incorporates by reference and re-alleges the allegations set forth in paragraphs 1-15 and 30. This Fourth Claim for Relief constitutes an alternative to the Third Claim for Relief above.

35. The Trustee is informed and believes that each of the Degner Payments constituted a transfer of the Debtors' funds to Degner.

36. The Trustee is informed and believes that Degner was a creditor of the Debtors at the time each of the Degner Payments was made, and that the Degner Payments were made on account of the Debtors' antecedent debt to Degner.

37. Based on the administrative, priority, and unsecured claims on file in the Debtors' consolidated bankruptcy cases, and the dollar value of the assets of the estates that have been

6

1  administered to date and that remain to be administered, the Trustee does not anticipate or

2  reasonably expect to be able to make a 100% distribution to creditors having filed pre-petition

3  general unsecured claims in these consolidated cases. Accordingly, as a result of the Degner

4  Payments, Degner received from the Debtors more than he would have received if such transfers

5  had not been made and this case was a case under Chapter 7 of the Bankruptcy Code.

6      38.    By reason of the foregoing, the Trustee may avoid each of the Degner Payments

7  under 11 U.S.C. § 547(b).

## FIFTH CLAIM FOR RELIEF

**(For Recovery of the Alpine Payments Pursuant to 11 U.S.C. § 550(a))**

11      39.    The Trustee re-alleges each and every allegation of this Complaint set forth above

12  as if set forth fully herein.

13      40.    For the reasons set forth above, the Alpine Payments are avoidable under 11 U.S.C.

14  § 548(a)(1)(B) or, in the alternative, under 11 U.S.C. § 547.

15      41.    Alpine was the initial transferee of each of the Alpine Payments.

16      42.    Upon avoidance of each or any of the Alpine Payments, the Trustee is entitled to

17  recover from Alpine any avoided Alpine Payment or the value thereof, with interest thereon at the

18  maximum legal rate from the date of each of the Alpine Payments, for the benefit of the Liquidating

19  Trust pursuant to 11 U.S.C. § 550(a).

## SIXTH CLAIM FOR RELIEF

**(For Recovery of the Degner Payments Pursuant to 11 U.S.C. § 550(a))**

23      43.    The Trustee re-alleges each and every allegation of this Complaint set forth above

24  as if set forth fully herein.

25      44.    For the reasons set forth above, the Degner Payments are avoidable under 11

26  U.S.C. § 548(a)(1)(B) or, in the alternative, under 11 U.S.C. § 547.

27      45.    Degner was the initial transferee of each of the Degner Payments.

28      46.    Upon avoidance of each or any of the Degner Payments, the Trustee is entitled to

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  recover from Degner any avoided Degner Payment or the value thereof, with interest thereon at the
2  maximum legal rate from the date of each of the Degner Payments, for the benefit of the
3  Liquidating Trust pursuant to 11 U.S.C. § 550(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Trustee prays for judgment against Alpine and Degner as follows:

A.  <u>On the First Claim for Relief</u>:  A judgment against Alpine avoiding the Second Agreement and the Alpine Payments as constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B);

B.  <u>On the Second Claim for Relief</u>:  As an alternative to relief on the First Claim for Relief, a judgment against Alpine avoiding the Alpine Payments as preferences under 11 U.S.C. § 547;

C.  <u>On the Third Claim for Relief</u>:  A judgment against Degner avoiding the Degner Payments as constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B);

D.  <u>On the Fourth Claim for Relief</u>:  As an alternative to relief on the Third Claim for Relief, a judgment against Degner avoiding the Degner Payments as preferences under 11 U.S.C. § 547;

E.  <u>On the Fifth Claim for Relief</u>:  A judgment against Alpine for recovery of any avoided Alpine Payment or the value thereof, with interest thereon at the maximum legal rate from the date of each of the Alpine Payments;

F.  <u>On the Sixth Claim for Relief</u>:  A judgment against Degner for recovery of any avoided Degner Payment or the value thereof, with interest thereon at the maximum legal rate from the date of each of the Degner Payments; and

/ / /
/ / /
/ / /
/ / /
/ / /

8

G.  <u>On All Claims for Relief</u>:  A judgment against the relevant defendant(s) for costs and for such other relief as the Court deems just and proper.

Dated:  January 24, 2020            LANDAU LAW LLP


/s/ Rodger M. Landau
RODGER M. LANDAU
Attorneys for Howard B. Grobstein,
Liquidating Trustee

9

# EXHIBIT 1

| Name | Date | Payment Amount |
|---|---|---|
| Alpine Pacific Capital, LLC | 5/16/2016 | 33,350.00 |
| Alpine Pacific Capital, LLC | 6/3/2016 | 1,359.54 |
| Alpine Pacific Capital, LLC | 6/10/2016 | 10,000.00 |
| Alpine Pacific Capital, LLC | 6/21/2016 | 23,350.00 |
| Alpine Pacific Capital, LLC | 7/8/2016 | 9,697.04 |
| Alpine Pacific Capital, LLC | 7/15/2016 | 8,338.00 |
| Alpine Pacific Capital, LLC | 7/22/2016 | 8,338.00 |
| Alpine Pacific Capital, LLC | 7/29/2016 | 8,338.00 |
| Alpine Pacific Capital, LLC | 8/5/2016 | 8,338.00 |
| Alpine Pacific Capital, LLC | 8/9/2016 | 1,655.87 |
| Alpine Pacific Capital, LLC | 8/15/2016 | 8,338.00 |
| Alpine Pacific Capital, LLC | 8/19/2016 | 3,768.20 |
| Alpine Pacific Capital, LLC | 8/25/2016 | 12,905.80 |
| Alpine Pacific Capital, LLC | 9/2/2016 | 83,338.00 |
| Alpine Pacific Capital, LLC | 9/13/2016 | 8,338.00 |
| Alpine Pacific Capital, LLC | 9/16/2016 | 33,338.00 |
| Alpine Pacific Capital, LLC | 10/5/2016 | 8,338.00 |
| Alpine Pacific Capital, LLC | 10/7/2016 | 8,338.00 |
| Alpine Pacific Capital, LLC | 10/21/2016 | 8,338.00 |
| Alpine Pacific Capital, LLC | 10/28/2016 | 16,676.00 |
| Alpine Pacific Capital, LLC | 11/4/2016 | 8,337.50 |
| Alpine Pacific Capital, LLC | 11/11/2016 | 8,337.00 |
| Alpine Pacific Capital, LLC | 11/18/2016 | 8,337.00 |
| Alpine Pacific Capital, LLC | 11/25/2016 | 762.96 |
| Alpine Pacific Capital, LLC | 11/25/2016 | 8,338.50 |
| Alpine Pacific Capital, LLC | 12/2/2016 | 8,337.50 |
| Alpine Pacific Capital, LLC | 12/9/2016 | 8,337.50 |
| Alpine Pacific Capital, LLC | 12/16/2016 | 8,337.50 |
| Alpine Pacific Capital, LLC | 12/23/2016 | 8,337.50 |
| Alpine Pacific Capital, LLC | 12/30/2016 | 8,337.50 |
| Alpine Pacific Capital, LLC | 1/6/2017 | 8,337.50 |
| Alpine Pacific Capital, LLC | 1/13/2017 | 8,337.50 |
| Alpine Pacific Capital, LLC | 1/20/2017 | 8,337.50 |
| Alpine Pacific Capital, LLC | 1/27/2017 | 8,337.50 |
| Alpine Pacific Capital, LLC | 2/6/2017 | 8,337.50 |
| Alpine Pacific Capital, LLC | 2/10/2017 | 8,337.50 |
| Alpine Pacific Capital, LLC | 2/17/2017 | 8,337.50 |
| Alpine Pacific Capital, LLC | 2/24/2017 | 8,337.50 |
| Alpine Pacific Capital, LLC | 3/3/2017 | 8,337.50 |
| Alpine Pacific Capital, LLC | 3/10/2017 | 8,337.50 |
| **Alpine Pacific Total** | | **463,655.91** |

EXHIBIT 1
10

# EXHIBIT 2

| Name | Ck Date | Ck or Doc # | Gross Pay Amount |
|---|---|---|---|
| DEGNER, GERIK M | 5/6/2016 | 630 | 1,923.08 |
| DEGNER, GERIK M | 5/6/2016 | 3058 | 2,115.39 |
| DEGNER, GERIK M | 5/20/2016 | 648 | 1,923.08 |
| DEGNER, GERIK M | 6/3/2016 | 666 | 1,923.08 |
| DEGNER, GERIK M | 6/17/2016 | 683 | 1,923.08 |
| DEGNER, GERIK M | 7/1/2016 | 697 | 1,923.08 |
| DEGNER, GERIK M | 7/15/2016 | 710 | 1,923.08 |
| DEGNER, GERIK M | 7/29/2016 | 722 | 1,923.08 |
| DEGNER, GERIK M | 8/12/2016 | 734 | 1,923.08 |
| DEGNER, GERIK M | 8/26/2016 | 744 | 1,923.08 |
| DEGNER, GERIK M | 9/9/2016 | 754 | 1,923.08 |
| DEGNER, GERIK M | 9/23/2016 | 764 | 1,923.08 |
| DEGNER, GERIK M | 10/7/2016 | 774 | 1,923.08 |
| DEGNER, GERIK M | 10/21/2016 | 784 | 1,923.08 |
| DEGNER, GERIK M | 11/4/2016 | 803 | 1,923.08 |
| DEGNER, GERIK M | 11/18/2016 | 822 | 1,923.08 |
| DEGNER, GERIK M | 12/2/2016 | 849 | 1,923.08 |
| DEGNER, GERIK M | 12/16/2016 | 872 | 1,923.08 |
| DEGNER, GERIK M | 12/29/2016 | 894 | 1,923.08 |
| DEGNER, GERIK M | 1/13/2017 | 32604920 | 961.54 |
| DEGNER, GERIK M | 1/20/2017 | 32674278 | 961.54 |
| DEGNER, GERIK M | 1/27/2017 | 32739776 | 961.54 |
| DEGNER, GERIK M | 2/3/2017 | 32839301 | 961.54 |
| DEGNER, GERIK M | 2/10/2017 | 32911073 | 961.54 |
| DEGNER, GERIK M | 2/17/2017 | 33006026 | 961.54 |
| DEGNER, GERIK M | 2/24/2017 | 33095314 | 961.54 |
| DEGNER, GERIK M | 3/3/2017 | 33199193 | 961.54 |
| DEGNER, GERIK M | 3/10/2017 | 33263645 | 961.54 |
| DEGNER, GERIK M | 3/17/2017 | 33381709 | 8,653.85 |
| DEGNER, GERIK M | 3/24/2017 | 33433703 | 8,653.85 |
| DEGNER, GERIK M | 3/31/2017 | 33552843 | 8,653.85 |
| DEGNER, GERIK M | 4/7/2017 | 33604313 | 8,653.85 |
| DEGNER, GERIK M | 4/14/2017 | 33740306 | 8,653.85 |
| DEGNER, GERIK M | 4/21/2017 | 33802077 | 8,653.85 |
| DEGNER, GERIK M | 4/28/2017 | 4965570 | 8,653.85 |
| DEGNER, GERIK M | 5/5/2017 | 4972736 | 8,653.85 |
| DEGNER, GERIK M | 5/12/2017 | 4978481 | 8,653.85 |
| DEGNER, GERIK M | 5/19/2017 | 4983997 | 8,653.85 |
| DEGNER, GERIK M | 5/26/2017 |  | 8,653.85 |
| **DEGNER, GERIK M Total** |  |  | 131,923.19 |

EXHIBIT 2
11

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Howard B. Grobstein, Liquidating Trustee | **DEFENDANTS**<br>Alpine Pacific Capital, LLC, and<br>Gerik M. Degner |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Landau Law LLP<br>1880 Century Park East, Suite 1101<br>Los Angeles, CA 90067 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Avoidance and Recovery of Preferential and Fraudulent Transfers Pursuant to 11 U.S.C. § 547, 11 U.S.C. § 548 and 11 U.S.C. § 550 | |

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[2] 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 595,579.10 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>SOLID LANDINGS BEHAVIORAL HEALTH, INC., et al | BANKRUPTCY CASE NO.<br>8:17-bk-12213-CB |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Santa Ana || NAME OF JUDGE<br>C. Bauer |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Rodger M. Landau ||||
| DATE<br>January 24, 2020 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Rodger M. Landau ||

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RODGER M. LANDAU (State Bar No. 151456)<br>rlandau@landaufirm.com<br>LANDAU LAW LLP<br>1880 Century Park East, Suite 1101<br>Los Angeles, California 90067<br>Telephone: (310) 557-0050<br>Facsimile: (310) 557-0056<br><br>*Attorney for Plaintiff* Howard B. Grobstein, Liquidating Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>SOLID LANDINGS BEHAVIORAL HEALTH, INC., et al<br><br><br><br>Debtor(s). | CASE NO.: 8:17-bk-12213-CB<br>CHAPTER: 11<br>ADVERSARY NO.: |
|---|---|
| HOWARD B. GROBSTEIN, LIQUIDATING TRUSTEE<br><br><br><br>Plaintiff(s)<br>Versus<br>ALPINE PACIFIC CAPITAL, LLC, and GERIK M. DEGNER<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____    **Address:**
**Time:** _____                    ☐ 255 East Temple Street, Los Angeles, CA 90012
**Courtroom:** _____               ☐ 3420 Twelfth Street, Riverside, CA 92501
                                      ☒ 411 West Fourth Street, Santa Ana, CA 92701
                                      ☐ 1415 State Street, Santa Barbara, CA 93101
                                      ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                             Page 1                             F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                          **KATHLEEN J. CAMPBELL**
                                          **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                 Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*  Page 2  F 7004-1.SUMMONS.ADV.PROC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
*Date*          *Printed Name*                                    *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                        Page 3                          **F 7004-1.SUMMONS.ADV.PROC**